JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Daniel Rowden

**(b)** County of Residence of First Listed Plaintiff: **Salt Lake**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael E. Kosik, Esq. Schmidt Kramer, 209 State Street, Harrisburg, PA 17101 (717) 409-8606

## DEFENDANTS
Kuljeet Singh
Dhillon Brothers

County of Residence of First Listed Defendant: **Fresno**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | [x] 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | | 863 DIWC/DIWW (405(g)) | |
| | | | | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1132(a) and F.R.C.P. 8(a)(1)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 1/26/21
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL ROWDEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No: |
| KULJEET SINGH and | ) | |
| DHILLON BROTHERS, INC, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants | ) | |
| | ) | |

## COMPLAINT

## PARTIES

1. Plaintiff Daniel Rowden is an adult individual residing at 892 East Carnation Drive, Sandy, Salt Lake County, Utah.

2. Defendant Kuljeet Singh is an adult individual residing at 5467 E Kaviland Avenue, Fresno, Fresno County, California.

3. Defendant Dhillon Brothers, Inc. is a business corporation regularly conducting business in Pennsylvania with its headquarters located at as 6507 E. Geary St., Fresno, Fresno County, California.

## ALLEGATIONS OF JURISDICTION AND VENUE

4. Plaintiff Daniel Rowden invokes the jurisdiction of this Court under 28 U.S.C. § 1332(a) and F.R.C.P. 8(a)(1) since this is a civil action between citizens of different states where the amount of controversy is in excess of $75,000.00.

5. Venue lies in the Middle District of Pennsylvania under 28 U.S.C. § 1391, since the incident described herein occurred in the Middle District of Pennsylvania.

## OPERATIVE FACTS

6. The facts and occurrences hereinafter stated took place on May 22, 2020 at approximately 12:30 p.m. on Interstate 81 South in Union Township, Lebanon County, Pennsylvania.

7. At times relevant hereto, Plaintiff Daniel Rowden was the operator of a 2019 International LT tractor and Utility trailer southbound on Interstate 81 in the left-hand lane as he had just merged from Interstate 78.

8. At all times relevant hereto, Defendant Kuljeet Singh was the operator of a 2019 tractor and trailer owned by Defendant Dhillon Brothers, Inc., southbound on Interstate 81 in the right-hand lane.

9. At the time of the accident it was raining, and the roadway was wet.

2

10. The tractor trailer Defendant Kuljeet Singh was operating had an empty trailer and began to fishtail causing him to lose control and jackknife into the left-hand lane where it struck Plaintiff Daniel Rowden's tractor trailer.

11. In order to avoid Defendants jackknifing tractor trailer, Plaintiff Daniel Rowden swerved onto the left shoulder.

12. The impact by Defendants' tractor trailer and Plaintiff Daniel Rowden's effort to avoid the impact forced Plaintiff Daniel Rowden's truck into the grassy median where it overturned onto the driver's side

13. As a direct result of the accident, Plaintiff Daniel Rowden sustained, injuries including, but not limited to:

      a. Head contusion

      b. Neck strain

      c. Concussion

      d. Post-concussion syndrome

      e. Concussional headaches

      f. Post-Traumatic Stress

14. As a direct and proximate result of the injuries he sustained in the motor vehicle accident, Plaintiff Daniel Rowden has been advised and, therefore avers, that the aforementioned injuries are/were serious and may be permanent in nature and effect, and thus, a claim for these injuries is made.

15. As a direct and proximate result of the motor vehicle accident, Plaintiff Daniel Rowden has incurred medical expenses for the injuries he has sustained, and may continue to incur medical expenses into the future, and thus, a claim for these expenses is made.

16. As a direct and proximate result of the injuries he sustained in the motor vehicle accident, Plaintiff Daniel Rowden has suffered a loss of wages and may have suffered an impairment of his future earning power and capacity, and thus, a claim for these losses is made.

17. As a direct and proximate result of the injuries he sustained in the motor vehicle accident, Plaintiff Daniel Rowden has undergone in the past, and may continue to undergo in the future, great pain and suffering, and thus, a claim for these losses is made.

18. As a direct and proximate result of the injuries he sustained in the motor vehicle accident, Plaintiff Daniel Rowden may have suffered a permanent diminution of his ability to enjoy life and life's pleasures, and thus, a claim for these losses is made.

## COUNT I

## NEGLIGENCE
## DANIEL ROWDEN v. KULJEET SINGH and DHILLON BROTHERS, Inc.

19. Plaintiff incorporates Paragraphs 1 through 18 of this Complaint as if set forth in full.

20. The accident at issue was initiated and factually caused by the negligence and carelessness of Defendant Kuljeet Singh, operating his tractor trailer in the scope and course of his employment with Defendant Dhillon Brothers, Inc., consisting of the following:

    a. Failing to have his commercial vehicle under proper and adequate control,

    b. Operating a commercial vehicle so as to create a dangerous situation for other vehicles on the roadway,

    c. Operating a vehicle at an excessive rate of speed under the circumstances,

    d. Failing to operate a commercial vehicle in accordance with existing traffic conditions.

    e. Failing to operate a commercial vehicle in a manner consistent with the road and weather conditions prevailing at the time.

    f. Failing to observe Plaintiff's vehicle on the roadway,

      g.      Failing to keep a reasonable lookout for other vehicles lawfully on the roadway,

      h.      Violating provisions of the Pennsylvania Motor Vehicle Code, including §3361.

WHEREFORE, Plaintiff Daniel Rowden respectfully requests this Honorable Court grant judgment in his favor and against the Defendants Kuljeet Singh and Defendant Dhillon Brothers, Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and in excess of any jurisdictional amount requiring compulsory arbitration.

## **COUNT II**

### **RESPONDEAT SUPERIOR / NEGLIGENCE**
### **DANIEL ROWDEN V. DHILLON BROTHERS INC**

21.    Plaintiff Daniel Rowden incorporates Paragraphs 1 through 20 of this Complaint as if set forth in full.

22.    At the time of the subject accident, Defendant Kuljeet Singh was acting as an employee, servant, agent, and/or ostensible agent of Defendant Dhillon Brothers, Inc.

23.    Defendant Dhillon Brothers, Inc. is vicariously liable for the actions of its employee, servant, agent, and/or ostensible agent, Defendant Kuljeet Singh.

24. Defendant Dhillon Brothers, Inc. was further negligent for failing to supervise and/or train its employee, Defendant Kuljeet Singh, in the safe operation of the motor vehicle.

25. Plaintiff Daniel Rowden's injuries were caused by a direct and proximate result of the Defendant Dhillon Brothers, Inc.'s negligence and were not caused and contributed to by any conduct on the part of Plaintiff Daniel Rowden.

WHEREFORE, Plaintiff Daniel Rowden demands judgment against Defendant Dhillon Brothers, Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and in excess of any jurisdictional amount requiring compulsory arbitration.

Respectfully submitted,

**SCHMIDT KRAMER PC**

By: _____
Michael E. Kosik
I.D. No. 36513
209 State Street
Harrisburg, Pa 17101
(717) 232-6300
(717) 232-6467 Fax
mkosik@schmidtkramer.com
Attorneys for Plaintiff

Date: Jan. 22, 2022

## VERIFICATION BASED UPON PERSONAL KNOWLEDGE AND INFORMATION SUPPLIED BY COUNSEL

I, Daniel Rowden, verify that I am the Plaintiff in the foregoing action, and that the attached is based upon the information that has been gathered by my counsel in preparation of this lawsuit. The language of the Complaint is that of counsel and is not mine. I have read the Complaint, and to the extent that it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification.

I understand that intentional false statements herein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications made to authorities.

DATE: 1-18-2022

_____
Daniel Rowden

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiff

Signature: *[signature]*

Name: Michael E. Kosik

Attorney No. (if applicable): 36513